JUDGMENT

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. See Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). For the reasons set forth in the attached memorandum, it is
ORDERED and ADJUDGED that the portion of the appeal seeking review of the district court’s affirmance of the annulment of the automatic stay be dismissed as moot. It is
FURTHER ORDERED and ADJUDGED that the district court’s affirmance of the dismissal of the bankruptcy petition be affirmed.
Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. R. 41.

*2
MEMORANDUM

Luther Perkins was the owner of property encumbered by a deed of trust securing a debt owed by Perkins to State Resources Corp. A foreclosure sale of the property was scheduled for March 25, 2003, at 11:30 am. Perkins had filed four previous bankruptcy cases that had stayed enforcement of the deed of trust. The last of those had been dismissed with prejudice for 180 days by an order entered on January 29, 2003, thus barring Perkins from refiling in order to stay the foreclosure sale. Instead, on the morning of the scheduled sale, Perkins conveyed an interest in the property to the appellant, Jacqueline M. King. Immediately upon receiving the property, and shortly before the foreclosure sale, King filed a bankruptcy petition, which triggered the Bankruptcy Code’s automatic stay provision. See 11 U.S.C. § 362(a). The only notice the trustee received of the conveyance or the bankruptcy filing was a phone call from King’s friend less than ten minutes before the sale was to take place. The sale proceeded as planned.
On April 8, 2003, on motion from States Resources, the bankruptcy court retroactively annulled the automatic stay, see id. § 362(d), thus authorizing conveyance of the property to the foreclosure purchaser. On August 8, 2003, the bankruptcy court dismissed King’s bankruptcy petition with prejudice. See id. § 1307(c). In denying a motion to reconsider the annulment of the automatic stay, the bankruptcy court later explained that it annulled the stay because King’s filing was abusive. See Hr’g Tr. at 27-29 (6/19/03). In a separate order denying a motion to reconsider the dismissal of the bankruptcy petition, the bankruptcy court found that the “conveyance to King and her bankruptcy filing ... were plainly in bad faith as they were an abusive attempt to frustrate the legitimate efforts of a mortgagee to foreclose against a sole owner who had exhausted his opportunities, after several attempts, to utilize the Bankruptcy Code to address his mortgage defaults.” In re King, No. 03-1574, slip op. at 2 (Bankr.D.D.C. Nov. 7, 2003). The bankruptcy court dismissed the petition on that basis. Id. at 5. The district court affirmed both rulings of the bankruptcy court.
King appeals the decision to retroactively annul the automatic stay. Between the time the stay was annulled and this appeal, the property was sold to a good-faith purchaser. King failed to obtain a stay of the bankruptcy court’s ruling pending appeal. In bankruptcy, “in the absence of a stay, the sale of estate property to a good faith purchaser cannot be overturned on appeal. Thus, this court would be unable to fashion any remedy to address [King’s] asserted injury even if it were to find that the district court’s denial of the motion for a stay pending appeal was improper.” Allen v. Wells Fargo Bank, No. 03-7152, 2004 WL 2538492, at *1 (D.C.Cir. Nov. 9, 2004) (citations omitted). Accordingly, “the appeal must be dismissed as moot.” Id.
King also appeals the bankruptcy court’s dismissal of her petition. “We review the bankruptcy court’s legal conclusions de novo, reversing its findings of fact only if they are clearly erroneous.” McGuirl v. White, 86 F.3d 1232, 1234 (D.C.Cir.1996) (citations omitted). As the Supreme Court recently reaffirmed, 11 U.S.C. § 1307(c) authorizes bankruptcy courts to dismiss Chapter 13 petitions that are filed in bad faith. See Marrama v. Citizens Bank, — U.S. -, 127 S.Ct. 1105, 1107 & n. 1, 166 L.Ed.2d 956 (2007); see also In re Alt, 305 F.3d 413, 418-19 (6th Cir.2002); In re Leavitt, 171 F.3d 1219, 1224 (9th Cir.1999); In re Love, 957 F.2d 1350, 1354 (7th Cir.1992). The bank *3 ruptcy court’s “inquiry is one of fact rather than legal analysis,” and we therefore “review the bankruptcy court’s finding of bad faith for clear error.” In re Alt, 305 F.3d at 420; see In re Leavitt, 171 F.3d at 1222-23; In re Love, 957 F.2d at 1354. Finding no error at all, we affirm the dismissal of King’s bankruptcy petition.